UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SYSTEMATIC, INC., an Oregon
corporation,

                Plaintiff,

    v.

G. BILL UNDERWOOD, individual
and GENERAL PRODUCTS
MACHINE SHOP, INC., an Idaho
corporation,

                Defendants.

Civil No. 06-118-HA

ORDER

HAGGERTY, Chief Judge:

On January 27, 2006, plaintiff Systematic, Inc. (Systematic) filed the present action against defendants General Products Machine Shop, Inc. and Bill Underwood[1], alleging tort claims, breach of contract claims, and seeking declaratory judgment resulting from purchase

---

[1] Mr. Underwood is the President and owner of GPMS. The court will refer to defendants collectively as GPMS within this opinion.

1 -- ORDER

orders for machine parts. On April 3, 2006, GPMS filed a Motion to Dismiss for Lack of Jurisdiction or Change of Venue [9]. On June 5, 2006, the court heard oral argument regarding the matter. For the reasons discussed below, GPMS's Motion to Dismiss for Lack of Jurisdiction or Change of Venue is DENIED.

**FACTUAL BACKGROUND**

Systematic is an Oregon corporation with its principal place of business located in Bend Oregon. Systematic designs and manufactures mechanical interfacing, docking systems and related products used for the mechanical positioning and docking of automated test equipment, including semiconductor test systems, wafer products, and packaged integrated circuit handlers. Mr. James Orsillo is the sole owner and President of Systematic. GPMS is an Idaho corporation with its principal place of business located in Pocatello, Idaho. GPMS manufactures semiconductor manufacturing equipment and parts. Until December 2005, Systematic and GPMS had been doing business with each other for approximately seven years.

**The Business Relationship between Systematic and GPMS**.

Systematic provided GPMS with design drawings for its machine products, and GPMS used the specifications in the drawings to create certain "parts" for Systematic's machine products. Systematic ordered parts from GPMS for Systematic's own clients as well, including American Microsystems, Inc. (AMI).[2] After creating the desired parts, GPMS then shipped them to Systematic in Oregon. Agents of GPMS also delivered parts to Systematic in person on more than one occasion. Upon receipt of the parts, Systematic would assemble them onto their

---

[2] Systematic's tort claims consist of a Tortious Interference with Business Relations claim and a Misappropriation of Trade Secrets claim stemming from allegedly improper business interactions between GPMS and AMI. AMI is also located in Pocatello, Idaho.

2 -- ORDER

machine products, where necessary, and send the finished machine products to its clients.

Systematic ordered approximately $200,000.00 to $500,000.00 worth of products from GPMS annually, which was shipped to Oregon. Systematic ordered $20,000.00 of that sum on behalf of its former client, AMI. During the seven-year relationship, GPMS machined products for all of Systematic's other clients.

### **Systematic's "No Direct-Contact Policy" and the Non-Disclosure Agreement**.

GPMS sold products to Systematic pursuant to Systematic's purchase order terms and conditions, which are posted on Systematic's website and include the following provision, "[t]his order shall be governed by, subject to, and construed in accordance with the laws of the state of Oregon, U.S.A.". Generally, Systematic did not disclose to GPMS the ultimate destination of the ordered products. Rather, Systematic would order the products, accept delivery in Bend, Oregon and then ship those products to its clients. Systematic did not ask or allow GPMS to send orders directly to its clients.

Systematic made an exception to this "no direct-contact" policy, allowing AMI to deal directly with GPMS for certain products. As a condition of the business relationship, defendants signed a non-disclosure agreement in 2001. Moreover, the non-disclosure agreement contained a choice of law clause and protected Systematic's proprietary information from being disclosed to third parties without prior written consent.

///

///

3 -- ORDER

**DISCUSSION**

**I.   GPMS's Motion to Dismiss for Lack of Jurisdiction**.

    **A.   Subject Matter Jurisdiction**.

        **Diversity Jurisdiction**.

A district court has diversity jurisdiction over any civil action between citizens of different states when the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.  For diversity purposes, a corporation is a citizen of the state where it was incorporated as well as the state where it has its primary place of business.  28 U.S.C. § 1332(c).

This court finds that diversity jurisdiction exists in the instant matter.  Systematic, an Oregon corporation, and GPMS, an Idaho corporation, are diverse parties pursuant to § 1332.  Furthermore, the record establishes that the amount in controversy exceeds the required $75,000.00.  Accordingly, the exercise of subject matter jurisdiction is proper.

    **B.   Personal Jurisdiction**.

To establish personal jurisdiction, a plaintiff must show that: 1) the forum state's long-arm statute confers personal jurisdiction over the out-of-state defendant, and 2) the exercise of jurisdiction does not violate federal constitutional principles of due process.  *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990).  Here, the delivery of product parts to Systematic's Oregon business address is sufficient to confer personal jurisdiction over GPMS under Oregon's applicable long-arm statute provision.  *See* Or. R. Civ. P. 4 E.[3]

---

[3] In pertinent part, Or. R. Civ. P. 4 E.5 states that Oregon courts have personal jurisdiction over a party in an action or proceeding that "[r]elates to goods, documents of title, or other things of value actually received in [the state of Oregon] by the plaintiff from the defendant or by the defendant from the plaintiff . . .".

4 -- ORDER

The Ninth Circuit follows a three-part test in order to determine whether the exercise of personal jurisdiction violates federal due process. For the exercise of such jurisdiction to be valid, a district court must answer the following questions in the affirmative:

(1) Did the defendant do some act "by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws?"

(2) Did the claim "arise out of the defendant's forum-related activities?"

(3) Is the exercise of jurisdiction on the facts of the case reasonable?

*Gray & Co.,* 913 F.2d at 760 (quoting *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 380 (9th Cir. 1990), *rev'd on other grounds by,* 499 U.S. 585 (1991)). The reasonableness determination requires the consideration of several factors: 1) the extent of purposeful interjection; 2) burden on the defendant to defend the suit in the chosen forum; 3) the extent of conflict with the sovereignty of the defendant's state; 4) the forum state's interest in the dispute; 5) the most efficient forum for judicial resolution of the dispute; 6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum. *Id.* Furthermore, the Ninth Circuit has held that the "purposeful availment" requirement is met when a defendant has taken deliberate action within the forum state or created continuing obligations to forum residents. *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995) (citation omitted).

Here, the record supports a finding of purposeful availment. Specifically, GPMS concedes that, over a period of seven years, it conducted from $1,400,000.00 to $3,500,000.00

worth of business with Systematic.[4]  GPMS's agents traveled to Oregon on at least two occasions to personally deliver machine parts that were manufactured specifically for Systematic. Moreover, the crux of Systematic's breach of contract claim arises from a dispute regarding the quality of merchandise delivered in Oregon by GPMS.  The duration of the parties' contractual relationship as well as the annual volume of business transacted establish that GPMS purposefully availed itself of the privilege of conducting business in Oregon.  Moreover, the record does not support that the exercise of personal jurisdiction in the instant case is unreasonable.[5]  Accordingly, personal jurisdiction is proper.

**II.     GPMS's Motion to Change Venue.**

When jurisdiction over a civil action is founded solely on diversity of citizenship, venue is proper in the judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or . . . any defendant is subject to personal jurisdiction at the time the action is commenced . . .".  28 U.S.C. § 1391(a).  Pursuant to 28 U.S.C. § 1404, change of venue is proper only when a defendant makes a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The court finds that venue is proper in Oregon.  Systematic's claims stem from GPMS's delivery of machine parts to Oregon as well as business practices allegedly intended to harm

---

[4] Furthermore, the court notes that GPMS's consistent business relationship with Systematic, over this seven-year period, supports the valid exercise of personal jurisdiction based upon either a "minimum contacts" or "purposeful availment" analysis.

[5] Most of the reasonableness factors do not weigh in favor of either party.  The first and third factors, however, support Systematic's argument that personal jurisdiction over GPMS is reasonable.

6 -- ORDER

Systematic, an Oregon corporation.[6] Moreover, the court finds GPMS's arguments regarding the inconvenience of Oregon as a forum insufficient to support transfer under § 1404. Litigating this matter in either parties' home jurisdiction proves equally burdensome to the other party. As GPMS has not made a strong showing of inconvenience, this court will not disturb Systematic's choice of forum. Accordingly, Oregon is a proper venue for the instant litigation.

**CONCLUSION**

For the foregoing reasons, GPMS's Motion to Dismiss for Lack of Jurisdiction or Change of Venue [9] is DENIED.

IT IS SO ORDERED.

Dated this   22   day of June, 2006.

    /s/Ancer L.Haggerty
    ANCER L. HAGGERTY
    United States District Judge

---

[6] As previously noted, GPMS's seven-year business relationship with Systematic subjects it to personal jurisdiction in Oregon which further establishes Oregon as a proper venue for this action.

7 -- ORDER